**VARI–BUILD, INC., a Nevada corporation, Plaintiff,**

v.

**CITY OF RENO, Barbara Bennett, Jim Thornton, Janice Pine, Peter Sferrazza, Joe McClellan, Phil Herrington, Leann McElroy, Robert S. Shoemaker, Defendants.**

**No. CV–R–83–250–ECR.**

United States District Court, D. Nevada.

Oct. 11, 1985.

as a plaintiff, that it be made a defendant pursuant to Fed.R.Civ.P. 19(a).

Plaintiff Vari-Build has alleged claims for relief under the Civil Rights Act and for negligence. The latter claim falls within the Court's pendent jurisdiction. In essence, the civil rights claim asserts that the defendants violated the plaintiff's civil rights by refusing to issue it a business license for its "common-kitchen" apartment facility after having issued it a building permit. The negligence claim alleges negligent breach of duty in failing to issue the business license.

Nevada First Thrift (NFT) financed construction of the apartment facility after Vari-Build had been issued the building permit. Ownership of the facility passed to NFT via foreclosure when Vari-Build defaulted in its payments.

NFT has commenced a lawsuit in Nevada State Court against the City of Reno and various City officials. The amended complaint alleges that the defendants jeopardized NFT's security interest by wrongfully issuing stop work orders, revoking the building permit, and refusing to issue a business license. A second claim for relief contends that the defendants acted negligently in connection with their inspection and approval of construction. Another claim contends that the defendants acted arbitrarily in refusing to issue the business license. Yet another claim asserts violation of NFT's constitutional and civil rights in that the defendants' conduct constituted condemnation without compensation. Damages and equitable relief have been prayed for.

The defendants herein argue that NFT claims an interest in the subject matter of this action. It is further urged that if NFT is not joined in this litigation, the defendants will be subject to a risk of double or otherwise inconsistent obligations. Since NFT is a Nevada corporation, the defendants note that it is subject to this Court's process and would not deprive the Court of its pendent jurisdiction over the negligence claim for relief.

Cal Hoover, Reno, Nev., for plaintiff.

Charles L. Eddleman, Asst. City Atty., Reno, Nev., for defendants.

## MEMORANDUM DECISION
## AND ORDER

EDWARD C. REED, Jr., District Judge.

The defendants have moved for an order directing that Nevada First Thrift be added as a party plaintiff or, if it refuses to join

NFT has opposed the motion that it be joined in this lawsuit. It indicates that the State litigation has proceeded through the State District and Supreme Courts and is now being litigated over the issue of rents lost due to the refusal of the City to issue a business license after NFT became owner of the apartment facility through foreclosure. NFT argues that it took no part in Vari-Build's application for a building permit. Neither NFT nor Vari-Build would have any right to share in damages recovered by the other in their respective lawsuits, it is noted. The conduct of the State Court defendants after NFT became owner of the facility is the basis for the State Court litigation, according to NFT.

The defendants, in reply, point out that NFT's amended complaint in State Court does not limit the damages claims to the post-foreclosure period. An attached affidavit reflects that a business license was issued pursuant to court order less than four months after NFT first requested such a license. Yet, an earlier demand letter sent to the City asserts that NFT was prevented from using the property for a period of thirty-three months because of the City's actions. Thus, the defendants insist that the damage claims of Vari-Build and NFT overlap.

Fed.R.Civ.P. 19(a)(2)(ii) provides that a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action, shall be joined as a party if he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may leave any of the persons already parties subject to a substantial risk of incurring double or inconsistent obligations by reason of his claimed interest. The same Rule instructs that if the person should join as a plaintiff, but refuses to do so, he may be made a defendant.

 NFT, as a Nevada corporation, is subject to service of this Court's process. Its joinder would not deprive the Court of subject matter jurisdiction. NFT's State Court action contains claims of an interest relating to the subject matter of this action, that is, the conduct of the defendants in refusing to issue a business license for the apartment facility. The existence of the "interest" requirement of Rule 19(a)(2) is determined from a practical perspective. *Aguilar v. Los Angeles County*, 751 F.2d 1089, 1093 (9th Cir.1985). A comparison of Vari-Build's complaint herein with NFT's amended complaint in the State Court action reveals that both corporations are claiming damages from the same alleged wrong. As pointed out by the defendants, NFT's claims are not clearly limited to the post-foreclosure period. The defendants are faced with a substantial risk of incurring double obligations.

IT IS, THEREFORE, HEREBY ORDERED that the defendants' motion to join Nevada First Thrift as a party be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the defendants' attorney shall serve, by mail or otherwise, on the attorney of record for Nevada First Thrift copies of the plaintiff's Complaint, the defendants' First Amended Answer, and this Memorandum Decision and Order. A proof of service shall be filed with the Clerk of Court.

IT IS FURTHER ORDERED that Nevada First Thrift shall have twenty (20) days from the date of such service in which to join voluntarily as a plaintiff in this action.

IT IS FURTHER ORDERED that if Nevada First Thrift fails to join as a plaintiff within said twenty (20) day period, the plaintiff (Vari-Build, Inc.) shall, within twenty (20) days from the end of said period, file and serve an amended complaint which names Nevada First Thrift as an additional defendant. Amended complaint and summons shall be served on Nevada First Thrift, in such case, in accordance with Fed.R.Civ.P. 4.